***UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION***

| | | |
|---|---|---|
| SCOTT BRYAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-3162-CV-S-RED-P |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 convictions and sentences for two counts of kidnapping, one count of attempted forcible sodomy, and three counts of second degree assault, which were entered in the Circuit Court of Greene County, Missouri. Petitioner raises ten (10) grounds[1] for relief: (1) trial counsel was ineffective for failing to cross-examine James Slain about his statements to Summer Stevens; (2) trial counsel failed to object to hearsay testimony consisting of the victims' statements introduced via witness Dale Davis; (3) trial counsel failed to object to hearsay testimony consisting of the victims' statements in Officer Steve Hoisner's testimony; (4) trial counsel unreasonably advised petitioner about probability of success at trial, causing petitioner to decide not to accept the State's plea offer; (5) trial counsel failed to establish a discrepancy in Phillip Smith's testimony about the duration of the sodomy; (6) trial counsel failed to establish a discrepancy in Phillip Smith's testimony at trial and Smith's preliminary hearing testimony about the details

---

[1]Respondent renumbered petitioner's four original grounds for relief in order to address the claims more cogently. See Doc. No. 4, p. 3 n. 1.

of the sodomy; (7) trial counsel failed to establish a discrepancy in Phillip Smith's testimony at trial and Smith's preliminary hearing testimony about how the knife was retrieved; (8) trial counsel failed to establish a discrepancy in William Delong's testimony at trial and in Delong's preliminary hearing testimony, statements to the police, and deposition about petitioner's use of C-clamps; (9) appellate counsel was ineffective for failing to brief and argue that the trial court erred in overruling his objection to hearsay testimony admitted through Officer Brian Phillips concerning statements of Phillip Smith, one of the victims in this case; and (10) the post-conviction motion court erred in not granting an evidentiary hearing.

Respondent contends that Grounds 1-3 and 5-8 were procedurally defaulted in the state courts, that Ground 10 is not cognizable in federal habeas corpus, and that Grounds 4 and 9 are without merit. See Doc. No. 4, p. 5.

**Noncognizable Ground 10**

In Ground 10, petitioner contends that the state motion court erred in not granting an evidentiary hearing in his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15. Such a claim, however, is not cognizable in a federal habeas corpus proceeding because it concerns a state post-conviction proceeding. See Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994), cert. denied, 513 U.S. 983 (1994); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), cert. denied, 495 U.S. 936 (1990); Williams v. Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), cert. denied, 451 U.S. 990 (1981). Ground 10 will be denied.

**Procedurally Defaulted Grounds 1-3 and 5-8**

Petitioner procedurally defaulted his Grounds 1-3 and 5-8 when he failed to raise any of them in his appeal from the denial of Rule 29.15 relief. See Respondent's Exhibit H. Petitioner contends that his state procedural default was caused by the failure of his Rule 29.15 appellate counsel to raise all of the claims on appeal that had been raised in petitioner's Rule 29.15 motion and pro se 29.15 motion and by petitioner's pro se status. Doc. No. 9, pp. 1-5, 6.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 motion and/or appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of appellate and/or post-conviction counsel to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate

counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

As to petitioner's claim that his status as a pro se litigant should excuse his state procedural default, that argument also fails. Sherron v. Norris, 69 F.3d 285 (8th Cir. 1995) (pro se status and state's refusal to grant access to trial transcript did not establish cause to excuse procedural default); Small v. White, 50 F.3d 12, 1995 WL 122753 (8th Cir. Mar. 23, 1995) (illiteracy, lack of education, pro se status, and diminished capacity did not excuse procedural default).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 1-3 and 5-8 will be denied.

**Ineffective Assistance of Trial Counsel – Ground 4**

In Ground 4, petitioner contends that his trial counsel was constitutionally ineffective because he unreasonably advised him about the probability of his success at trial, causing petitioner to decide not to accept the State's plea offers. The Rule 24.035 motion court denied petitioner's claim in the following discussion:

> The basic issue under Rule 24.035 analysis would be whether or not [petitioner] was entitled to rely on his counsel's representations in making a decision as to whether or not to go to trial or plead guilty. No reasonable person would believe that going to trial was without significant risk. [Petitioner] would not have been entitled to rely on counsel's mere predictions as to the possible outcome. According to [petitioner], trial counsel advised him that "he had a good chance of prevailing at trial on the

> sex charges" .[sic] At trial, counsel directed his arguments primarily on the sex charges, apparently in the belief that this was so and an argument was made on appeal that one of the elements of attempted sodomy, the purpose of sexual gratification, had not been satisfied by the evidence. The record shows that there was a good faith basis for this argument and it was vigorously proposed and debated before the trial court as well as the appellate court. (Tr. p. 651-663) In addition, one of the attempted sodomy counts, (the original Count IV) relating to the alleged anal intercourse by means of the Super Soaker watergun, was directed out by the Court before submission of the case to the jury. (Tr. p. 657) Trial counsel was, therefore, not ineffective for advising [petitioner] that he had a good chance of prevailing as to those counts. [Petitioner] took a calculated risk and lost. That is not the basis for a claim of ineffective assistance of counsel.

Respondent's Exhibit H, pp. 41-42.

Petitioner's second contention is that counsel failed to "adequately explain" that the fact that the victims drove to his residence and "could have got away" did not provide a defense to kidnapping. Respondent's Exhibit I, p. 15. The Rule 29.15 motion court disagreed:

> The charge in the case is clear and specific. It alleges that [petitioner] "confined" the victims without their consent for a substantial period of time. It does not allege that the victims were forcibly removed from their location and taken to [petitioner's] residence. [Petitioner] does not explain at what point he thought the victims "could have got away" prior to the point of their escape. [Petitioner] does not allege that his counsel affirmatively misrepresented these points or even the [petitioner] had presented these theories to his counsel to refute. They are certainly not self-evident in the charge or in the record. [Petitioner] fails to state any basis on which these allegations would support a claim of ineffective assistance of counsel.

Respondent's Exhibit H, p. 42.

As to petitioner's third contention that counsel failed to advise petitioner that the state could amend the kidnapping charges at any time from confinement "for the purpose of facilitating the commission of the

offense of assault" to confinement "for the purpose of inflicting physical injury on or terrorizing" to make them easier to prove, the Rule 29.15 motion court held:

> [Petitioner] does not explain why the amendment proposed by the prosecutor made the charges easier to convict him. He does not explain why the amendment by itself would have been sufficient to cause him to accept the plea offers rather than go to trial. The record reflects that trial counsel vigorously opposed the amendment an the Court found that there was no prejudice to [petitioner]. (Tr. p. 45-51). The Court stated that it would reconsider the argument in connection with the Motion for New Trial after it was totally familiar with the defense, but ultimately denied the Motion which included the argument as to the amendment. Had the amendment been a determining factor in [petitioner's] decision to go to trial, he could have made that decision upon learning that the Court was going to permit the amendment. The jury had not been selected and the trial had not begun. In fact, the Court, following the hearing on the amendment, **specifically asked [petitioner] whether or not he still rejected the plea offers and wished to proceed to trial. [Petitioner] said that he did. (Tr. p. 72)**. The record specifically refutes [petitioner's] claim as to this point.

Respondent's Exhibit H, p. 42 (emphasis added).

Petitioner's fourth and final contention is that trial counsel failed adequately to inform petitioner prior to the July 26, 2000, deposition of Phillip Smith that the entirety of the examination the jury would see would be an inadequate one. The Rule 29.15 motion court denied this contention as well:

> [Petitioner] fails to explain why the "entirety of the examination" was inadequate, or how any editing of the tape effected [sic] his decision as to whether or not to go to trial. On its face, [petitioner's] claim fails to state any basis for ineffective assistance since it would not have been possible for [petitioner's] trial counsel to determine prior to the deposition what portions of the videotape would be edited. In any event, [petitioner] was present during the pretrial hearing on September 22, 2000[,] in which the tape and transcript were edited and was aware of the changes made to the tape before the trial began on September 23, 2000 (Tr. p. 8-44)[.] Had this been a determining factor in his decision to go to trial, he had sufficient opportunity to make that decision and advise the Court when he

was specifically asked (Tr. p. 72) on the day of trial. The record also refutes [petitioner's] claim as to this point.

Respondent's Exhibit H, pp.42-43.

Before the state motion court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.[2]

To prevail on an ineffective assistance of counsel claim, petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. at 700. In order to demonstrate prejudice, petitioner must show that the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Judicial scrutiny of counsel's performance must be

[2] Although the Missouri Court of Appeals, Southern District, denied petitioner's claim on different grounds (that petitioner was not prejudiced by claimed ineffectiveness of counsel during the plea bargaining stage because he ultimately received a fair trial), see Bryan v. State, 134 S.W. 3d 795, 803-04 (Mo. Ct. App. 2004); Respondent's Exhibit K, pp. 12-13, this Court has not relied upon that state court ruling because it appears to conflict with Eighth Circuit precedent specifically holding that such a state court determination was an unreasonable application of clearly established federal law. Wanatee v. Ault, 259 F.3d 700, 703-704 (8th Cir. 2001).

highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. When the "claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, [petitioner] 'must show that, but for his counsel's advice, he would have accepted the plea.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)(quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)).

In analyzing whether petitioner would have accepted a plea offer, a subjective analysis is applied. Wanatee v. Ault, 259 F.3d at 704. Petitioner "must show more than nonconclusory evidence that he would have agreed to the plea bargain if properly advised." Engelen, supra at 241. Petitioner has failed to show that he did not receive proper advice prior to rejecting the state's plea offer or that the advice his attorney gave him about having a good chance to prevail on the sex charges was unreasonable. See Chesney v. United States, 367 F.3d 1055, 1059-60 (8th Cir. 2004) (counsel not ineffective when defendant maintained his innocence throughout trial and did not offer affidavit that he would have pleaded guilty under state's pre-trial offer); Engelen v. United States, supra. at 241 (same); Gumangan v. United States, 254 F.3d 701, 705 (th Cir. 2001) (counsel not ineffective for failing to advise defendant on possible defense that was unlikely to succeed at trial); United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) (in the plea bargaining context, defendant must show that his attorney did not make a good-faith effort to discover, analyze, or discuss the facts relevant to his sentence).

The state court's adjudication of petitioner's claims was not contrary to or did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or did not result in a decision that was based on an unreasonable determination of the facts

in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Ground 4 will be denied.

**Ineffective Assistance of Appellate Counsel - Ground 9**

In Ground 9, petitioner contends that appellate counsel was ineffective for failing to brief and argue that the trial court erred in overruling his objection to hearsay testimony admitted through Officer Brian Phillips concerning the statements of Phillip Smith, one of the victims in this case. The Missouri Court of Appeals, Southern District, disagreed:

> The allegations in Bryan's motion concerning his appellate counsel fail to meet [the standards for proving ineffective assistance of appellate counsel]. The trial court found there was no error in admitting Officer Phillips' testimony because "[t]he questions that were asked of Officer Phillips were asked in the context of information relayed to other officers as to what might be relevant to search and seize as part of the investigation." After reviewing the transcript, we agree with the trial court's characterization of the purpose for which this testimony was admitted. Accordingly, Officer Phillips' testimony was not hearsay because it was not being offered for the truth of the matter asserted. *See State v. Edwards*, 116 S.W.3d 511, 533 (Mo. banc 2003) (officers' testimony about statements made by non-testifying co-defendant were admitted in murder trial for the limited purpose of showing officers' subsequent conduct and not for the truth of the matters stated, in that this testimony explained why the officers went to the deserted house where they found the murder weapon); *State v. Baker*, 23 S.W.3d 702, 715-16 (Mo.[Ct.]App. 2000) (officers' testimony that victim told them she was having sexual relations with certain persons, which was offered to show why the officers initiated their investigation, was not inadmissible hearsay because it explained subsequent police conduct and supplied background and continuity). We also agree with the trial court's conclusion that, even if Officer Phillips' testimony was erroneously admitted, the error was not prejudicial because the jury had already heard this same information directly from the testimony of DeLong and Smith. Therefore, Bryan was not prejudiced by the admission of wholly cumulative testimony from Officer Phillips. *See State v. Winegarner*, 87 S.W.3d 923, 925 (Mo.[Ct.]App. 2002) (complaining party cannot be prejudiced by the

> introduction of challenged hearsay evidence when that evidence is merely cumulative to other evidence of like tenor).
>
> Had appellate counsel raised this issue in Bryan's direct appeal, the result would not have changed. Since the admission of Officer Phillips' testimony was either proper or at most harmless error, we would not have reversed Bryan's conviction on this ground. Therefore, his appellate counsel was not ineffective for failing to raise this meritless issue. *See Hall v. State*, 16 S.W.3d 582, 588 (Mo. banc 2000); *Neely [v. State]*, 117 S.W.3d [731,] at 737-38 [Mo.[Ct.}App. 2003].

Bryan v. State, 134 S.W.3d at 800-01: Respondent's Exhibit K, pp. 6-7.

The Missouri Court of Appeals' decision was reasonable under Strickland v. Washington, supra, because the challenged hearsay evidence was admissible under state law, which is binding on federal habeas corpus, Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998); therefore, counsel could not have been ineffective for filing to object to admissible evidence. Moreover, the trial record supports the state appellate court's factual finding that both Phillip Smith and William DeLong testified as to the same evidence, making the challenged hearsay testimony cumulative and non-prejudicial. See Respondent's Exhibit A-2 at 328, 357-58, 362, and 367 (victim William DeLong's testimony); Respondent's Exhibit A-3 at 477-78, 491-92, and 494 (Officer Phillips' testimony); Respondent's Exhibit L and M (videotaped testimony of victim Phillip Smith). Thus, the state courts' findings of fact and conclusions of law were not unreasonable under Section 2254(d) (1) and (2), and Ground 9 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Richard E. Dorr
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: 11/4/05 .

11